UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-07050-MCS-MAA | Date September 24, 2025 |
| Title *Lopez v. Wal-Mart Associates, Inc.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 13)

Plaintiff Agustina Cruz Lopez filed a motion to remand this action to the Santa Barbara County Superior Court from which it was removed. (Mot., ECF No. 13.) Defendant Wal-Mart Associates, Inc., filed an opposition. (Opp'n, ECF No. 14.) Plaintiff did not file a timely reply. (*See* Initial Standing Order § 9(b), ECF No. 9 (setting briefing deadlines departing from local rules).) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.   **BACKGROUND**

According to the complaint, Defendant employed Plaintiff as maintenance staff from March 1, 2023, to October 25, 2023. (Compl. ¶ 17, ECF No. 1-1.) Plaintiff was injured on the job in April and July 2023 but was offered no immediate medical care. (*Id.* ¶¶ 19–20.) In September 2023, her medical provider prescribed her work restrictions, and in October 2023, she retained legal representation for a workers' compensation claim. (*Id.* ¶¶ 21–22.) On October 25, 2023, Defendant terminated her "under the pretext of a meal break violation," which she submits is the result of a policy "used to routinely target older members of staff" like her. (*Id.* ¶¶ 18, 23.) Plaintiff asserts seven claims: (1) discrimination in violation of the California Fair

Employment and Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) failure to provide reasonable accommodations in violation of FEHA; (5) failure to engage in a good faith interactive process in violation of FEHA; (6) declaratory judgment; and (7) wrongful termination in violation of public policy. (*Id.* ¶¶ 32–97.) Among other remedies, Plaintiff prays for "a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits." (*Id.*, Prayer for Relief ¶ 1.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted). In this inquiry, a court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted).

## III. DISCUSSION

The face page of the complaint states that Plaintiff demands over $25,000, but the total amount in controversy is not clear from the complaint. Therefore, Defendant

must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The Court need only look to the value of lost wages to determine that the amount in controversy is satisfied. As here, a plaintiff may seek back pay and front pay as compensatory damages in connection with a FEHA claim. *See Olvera v. Quest Diagnostics*, No. 2:19-cv-06157-RGK-(SK), 2019 U.S. Dist. LEXIS 207496, at *5 (C.D. Cal. Dec. 2, 2019) (citing *Andrade v. Arby's Rest. Grp. Inc.*, 225 F. Supp. 3d 1115, 1139–40 (N.D. Cal. 2016); (*see also* Compl., Prayer for Relief ¶ 1). For the purposes of the jurisdictional inquiry in a removal case, back pay is calculated as lost wages between the date of termination up until the date of removal; front pay is calculated as lost wages between the date of removal and trial. *See Olvera*, 2019 U.S. Dist. LEXIS 207496, at *5.

Contrary to Plaintiff's argument, (Mot. 4), front pay representing wages lost after the date of removal factors into the amount in controversy. The Ninth Circuit has clearly articulated that "the amount in controversy is not limited to damages incurred prior to removal," but instead "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). Therefore, lost wages up to the date of trial factor into the amount in controversy. *See Zambrano v. Rite Aid Corp.*, No. CV 18-9227-MWG (JEMx), 2019 U.S. Dist. LEXIS 57644, at *8 (C.D. Cal. Apr. 3, 2019) (interpreting *Chavez* and concluding "there is no question that future wages are 'at stake' in the litigation" (internal quotation marks omitted)). While the Court includes lost wages after removal in its calculation, it rejects Defendant's assertion that future lost wages should be projected out to 28.4 months from removal. (Notice of Removal ¶ 17, ECF No. 1; Opp'n 7.) Instead, as here, "[w]here a trial date is not yet set, courts have found one year from the date of removal to be a conservative trial estimate in employment cases." *Meastas v. Quest Diagnostics, Inc.*, No. 5:24-cv-00779-MCS-SHK, 2024 U.S. Dist. LEXIS 126996, at *5 n.1 (C.D. Cal. July 17, 2024) (Scarsi, J.) (internal quotation marks omitted).

As a result, the Court calculates Plaintiff's lost wages from the date of termination, October 25, 2023, until one year after removal, July 31, 2026. Defendant submits that Plaintiff was working 40 hours per week and earning $17 per hour at the time of her termination. (Conley Decl. ¶ 3, ECF No. 1-4; Talbert Decl. ¶ 5, ECF No. 14-3.) Accordingly, her lost wages amount to about $2,914 per month, exclusive of benefits. (*Id.*) For the approximately 33 months between the termination

and the estimated date of trial, the total value of lost wages is conservatively calculated as $96,162.

The Court declines to consider Plaintiff's potential mitigation of damages in assessing the economic damages in controversy. (*See* Mot. 4–5 (offering arguments on mitigation).) This Court has previously assessed district courts' "disagree[ment]" on the issue of whether to consider mitigation in the damages calculation and concluded that it "finds more persuasive the line of authority declining to consider mitigation in evaluating the amount in controversy for lost wages." *Leon-Calderon v. Old Dominion Freight Line, Inc.*, No. 2:22-cv-08930-MCS-KS, 2023 U.S. Dist. LEXIS 23234, at *8 (C.D. Cal. Feb. 10, 2023) (Scarsi, J.).

Because Defendant has shown that Plaintiff's prayer for lost wages more likely than not places over $75,000 in controversy, the Court declines to reach Plaintiff's arguments regarding the estimated value of other remedies.

## IV.   CONCLUSION

The Court has jurisdiction over this action. The motion to remand is denied.

**IT IS SO ORDERED.**